**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER LACCINOLE**, *Plaintiff*, v. **NATIONAL ENTERPRISE SYSTEMS, INC.**, *Defendant*. | Civil Case No.: 1:21-cv-2321 **COMPLAINT** **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Defendant, National Enterprise Systems, Inc. ("Defendant" or "NES") is an Ohio based debt collector with a long history of violating consumer protection laws.

2. For example, on July 21, 2009, the Attorney General of Ohio filed a lawsuit against NES for unfair and deceptive collection practices after receiving an influx of consumer complaints about NES's illegal practices, including, but not limited to: (1) calling and harassing consumers' coworkers, family members and third parties not connected to or liable for alleged debts; (2) failing to remove phone numbers from an account after being informed that the person from whom NES seeks to collect the debt is not at that phone number; (3) calling before 8 a.m. and after 9 p.m.' (5) using abusive language to intimidate consumers into paying alleged debts; (6) attempting to collect debts consumers did not owe; (7) failing to verify debts; and (8) making unauthorized withdraws from consumers' bank accounts.[1]

3. As a result of that lawsuit, NES entered into an Agreed Consent Judgment with the Attorney General of Ohio that permanently enjoined NES from, among other things:

---

[1] *See State of Ohio-Richard Cordray vs. National Enterprise Systems Inc.*, CV-09-699296 (Cuyahoga County Court of Common Pleas, filed July 21, 2009).

a. Communicating with a consumer in the collection of a debt after being notified in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer;

b. Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

c. Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

d. Attempting to collect an alleged debt by telephone without the meaningful disclosure of the caller's identity.

*See State of Ohio v. National Enterprise Systems, Inc.*, Civ. No. 09-cv-02251, Dkt. No. 25 at 12-13 (N.D. Ohio, April 8, 2010).

4. In addition, as part of its settlement with the State of Ohio, NES was required to implement best practices and train employees to comply with applicable state and federal law. *See id.* at 16.

5. NES has thumbed its nose at the Ohio Attorney General and continues to violate applicable consumer protection laws, such as the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6. In just six months, NES called Mr. Laccinole's cellular telephone 227 times about a debt that does not belong to him.

7. NES continued to call Mr. Laccinole's cellular telephone after Mr. Laccinole sent NES four certified letters informing NES that it had the wrong number and requesting that NES cease calling him.

8. Mr. Laccinole did not owe any debt and did not provide his express consent (or any consent whatsoever) to receive calls from NES regarding an alleged debt that does not belong to him.

9. Accordingly, Mr. Laccinole brings this TCPA action under 47 U.S.C. § 227(b).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

11. This Court has jurisdiction over NES because NES conducts business transactions in this District, knowingly makes calls from this District and has committed tortious acts in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because NES conducts a significant amount of business transactions within this District and because NES is a domestic corporation, incorporated and headquartered in this District.

## PARTIES

13. Plaintiff Christopher Laccinole ("Mr. Laccinole") is, and at all times mentioned herein was, a citizen and resident of Narragansett, Rhode Island.

14. Mr. Laccinole is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. Defendant National Enterprise Systems, Inc. ("NES") is, and at all times mentioned herein was, an Ohio corporation headquartered at 29125 Solon Road, Solon, Ohio 44139. NES can be served through its registered agent Ernest R. Pollak at the same address.

16. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. Mr. Laccinole's telephone number, (xxx) xxx-9528, is assigned to a cellular telephone service.

18. Mr. Laccinole's telephone number ending in 9528 has been registered on the National Do-Not-Call Registry since February 7, 2019.

19. On June 5, 2019, Mr. Laccinole began receiving calls from NES.

20. The calls Mr. Laccinole received from NES came from different numbers, including: (757) 544-9033, (855) 498-3432 and (844) 301-8720.

21. During the first call, Mr. Laccinole answered the call and heard a pause followed by a message utilizing an artificial or prerecorded voice.

22. Mr. Laccinole knew that the call from NES used an artificial or prerecorded voice due to the tone and cadence of the voice and because Mr. Laccinole is familiar with traditional human discourse and was unable to interact with the caller.

23. The prerecorded message did not "state clearly the identity of the business . . . that is responsible for initiating the call" in violation of 47 C.F.R. § 64.1200(b)(1).

24. The prerecorded message did not "state clearly the telephone number . . . of such business" in violation of 47 C.F.R. § 64.1200(b)(2).

25. The content of NES's prerecorded message demonstrates that NES's calls were not made of an emergency purpose.

26. Following the call, Mr. Laccinole called the number back and heard another prerecorded message identifying the number as belonging to NES.

27. Later that day, Mr. Laccinole promptly sent NES a certified letter that included his contact information and the telephone number NES was calling and stated, *inter alia*, "Please don't call me. You have the wrong number. Communicate through US Mail only."

28. Mr. Laccinole's certified letter was received and signed for by NES on June 10, 2019.

29. Despite Mr. Laccinole's certified letter notifying NES that it was calling the wrong number and requesting not to be called, NES continued to place calls to Mr. Laccinole on nearly a daily basis and sometimes multiple times per day.

30. On August 29, 2019, Mr. Laccinole sent NES a second certified letter that included his contact information and the telephone number NES was calling and stated, *inter alia*, "Please don't call me. You have the wrong number. Communicate through US Mail only."

31. Mr. Laccinole's certified letter was received and signed for by NES on September 4, 2019.

32. Again, NES ignored Mr. Laccinole's certified letter and continued to place prerecorded calls to Mr. Laccinole's cellular telephone.

33. On October 2, 2019, Mr. Laccinole sent NES a third certified letter that included his contact information and the telephone number NES was calling and stated, *inter alia*, "Please don't call me. You have the wrong number. Communicate through US Mail only."

34. Mr. Laccinole's certified letter was received and signed for by NES on October 7, 2019.

35. Again, NES ignored Mr. Laccinole's certified letter and continued to place prerecorded calls to Mr. Laccinole's cellular telephone.

36. On November 4, 2019, Mr. Laccinole sent NES a fourth certified letter that included his contact information and the telephone number NES was calling and stated, *inter alia*, "Please don't call me. You have the wrong number. Communicate through US Mail only."

37. Mr. Laccinole's certified letter was received and signed for by NES on November 12, 2019.

38. Again, NES ignored Mr. Laccinole's certified letter and continued to place

prerecorded calls to Mr. Laccinole's cellular telephone.

39. On December 3, 2019, after calling Mr. Laccinole a total of 227 times over a period of just six months, NES stopped calling Mr. Laccinole with an artificial or prerecorded voice.

40. Mr. Laccinole did not consent to receive calls from NES and never consented to receive calls intended for other alleged debtors of NES.

41. Further, Mr. Laccinole requested that NES stop calling him on multiple occasions, which NES decided to ignore.

42. NES has been sued multiple times for calling behavior similar to the behavior described in this complaint. *See, e.g., Gaines v. National Enterprise Systems, Inc. et al,* Case No. 21-cv-1870 (S.D. Cal. filed November 3, 2021); *Fiano v. National Enterprise Systems, Inc.,* Case No. 17-cv-61392 (S.D. Fla. filed July 12, 2017); *Hitchman v. National Enterprise Systems, Inc.* Case No. 12-cv-61043 (S.D. Fla. filed May 31, 2012); and *Torres v. National Enterprise Systems, Inc.,* Case No. 12-cv-2267 (N.D. Ill. filed March 27, 2012).

43. NES is aware of the TCPA's prohibitions against the use of artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party having been previously sued based on allegations of violating the TCPA.

44. NES therefore knowingly and willfully caused calls utilizing an artificial or prerecorded voice to be made to the cellular telephone of Mr. Laccinole and other consumers without their prior express consent.

45. In addition, each call NES made to Mr. Laccinole's cellular telephone after he informed NES that it was calling the wrong number was made knowingly and willfully.

46. Mr. Laccinole has suffered concrete harm because of NES's unwanted and unsolicited prerecorded calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;

- Invasion of Privacy;

- Nuisance;

- Temporary deprivation of legitimate use of his cellular telephone because the phoneline was tied up during NES's calls;

- Depleting his available battery life on his cellular telephone; and

- Depleting his available minutes on his limited minutes plan;

47. These forms of actual injury are sufficient for Article III standing purposes. *See Trans Union, LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (citing *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020) (unwanted text messages satisfy concrete harm requirement of Article III of the U.S. Constitution)).

48. Accordingly, each of NES' calls to Mr. Laccinole using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

49. For violations of 47 U.S.C. § 227(b), Mr. Laccinole is entitled to a minimum of $500 per call.

50. Mr. Laccinole is entitled to $1500 per call if NES's actions are found to be knowing or willful.

### FIRST CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227(b)

51. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

52. NES used an artificial or prerecorded voice to make non-emergency calls to the cellular telephone of Mr. Laccinole, without his prior express consent.

53. NES has therefore violated 47 U.S.C. § 227(b)(1)(A)(iii).

54. As a result of NES's unlawful conduct, Mr. Laccinole is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Mr. Laccinole is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

56. Mr. Laccinole is also entitled to and seeks injunctive relief prohibiting future violations of the TCPA.

## SECOND CAUSE OF ACTION
### Violation of the TCPA, 47 C.F.R. § 64.1200(b)(1)

57. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58. NES used an artificial or prerecorded voice to make non-emergency calls to the cellular telephone of Mr. Laccinole, without his prior express consent, and such artificial or prerecorded voice did not identify the business or entity responsible for initiating the call.

59. NES has therefore violated 47 C.F.R. § 64.1200(b)(1).

60. As a result of NES's unlawful conduct, Mr. Laccinole is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Mr. Laccinole is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

62. Mr. Laccinole is also entitled to and seeks injunctive relief prohibiting future violations of the TCPA.

## THIRD CAUSE OF ACTION
### Violation of the TCPA, 47 C.F.R. § 64.1200(b)(2)

63. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

64. NES used an artificial or prerecorded voice to make non-emergency calls to the cellular telephone of Mr. Laccinole, without his prior express consent, and such artificial or

prerecorded voice did not, during or after the message, state clearly the telephone number of such businesses or entity.

65. NES has therefore violated 47 C.F.R. § 64.1200(b)(2).

66. As a result of NES's unlawful conduct, Mr. Laccinole is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

67. Mr. Laccinole is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

68. Mr. Laccinole is also entitled to and seeks injunctive relief prohibiting future violations of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Christopher Laccinole, prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b) and 47 C.F.R.§§ 64.1200(b)(1) and (b)(2);

B. An award of injunctive and other equitable relief as necessary to protect Mr. Laccinole's interests, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages;

D. An award of treble damages; and

E. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

| | |
|---|---|
| **Dated:** December 10, 2021 | By:   /s/ Adam T. Savett |

Adam T. Savett, Esquire
**SAVETT LAW OFFICES LLC**
2764 Carole Lane
Allentown, PA 18104
Tel: (610) 621-4550
Fax: (610) 978-2970
adam@savettlaw.com

Max S. Morgan, Esquire*
Eric H. Weitz, Esquire*
**THE WEITZ FIRM, LLC**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*Application for full admission forthcoming